STATE EX REL. JAMES WHALEN v. MARY EMRICK.[1]

December 16, 1921.

No. 22,323.

**Habeas corpus — custody of child awarded to grandmother.**
The evidence adduced in this court is *held* to show that the best interest of the child requires that its care and custody be awarded to his grandmother instead of to his parents.

Upon the relation of James Whalen the district court for Otter Tail county granted its writ of habeas corpus directed to Mary Emrick. The court Parsons, J., made findings and ordered that relator was entitled to the custody of his boy, subject to certain conditions. From the order awarding the child to relator, Mrs. Emrick appealed. Writ quashed; care and custody of child awarded to Mrs. Emrick.

*Jesse A. Schunk,* for appellant.
*Leonard Eriksson,* for respondent.

HOLT, J.

Habeas corpus by the father, James Whalen, to secure the custody of his child Gilbert. The court below awarded him to relator. The respondent, Mrs. Emrick, appeals.

Gilbert was born February 21, 1913, at the home of Mrs. Emrick, who is the mother of James Whalen. Neither James Whalen nor Julia Formiller, the mother of Gilbert, was then 18 years of age. James had employment, but the salary was small, and he could not well care for the child, neither could its mother. Mrs. Emrick came to the rescue and agreed to keep and care for Gilbert. A year and eleven months thereafter James and Julia were married. When this cause was heard three other children had been born to them. In 1919 Mrs. Emrick visited her son and his wife in Berlin, Wisconsin, where they live. At

[1]Reported in 185 N. W. 658.

that time difficulty arose over the custody of Gilbert. It was finally adjusted by a written agreement under which Mrs. Emrick was to keep the boy, but was to bring him to visit his parents for one or two weeks each year. Mrs. Emrick, evidently, became so attached to the boy that she could not endure the thought of bringing him to his mother again, for fear that another attempt might be made to take him away, and so, on some pretext or another, she did not bring Gilbert to Berlin when requested, and finally sought to legally adopt him in this state, where she lives. This move on Mrs. Emrick's part invited this proceeding.

There is no question of the financial ability of either party to rear the boy. Although James Whalen has not yet accumulated any property, except household goods, he has been an employe of a leading bank in Berlin, Wisconsin, for 9 years, and has advanced to the position of assistant cashier, his earnings amounting to about $1,800 a year. Mrs. Emrick has some means of her own, and Mr. Emrick, who also appears desirous of keeping Gilbert, owns property of considerable value.

The hearing in this court is de novo. The case was submitted upon the testimony taken in the court below and the deposition of Mrs. Emrick's husband, taken afterwards. The law is well settled that the parents are entitled to the care and custody of their child, unless it is shown that the best interests of the child demand a different disposition. The learned district judge, who heard the case in the first instance, awarded the custody to relator, the father, and we would without hesitancy have reached the same result upon the evidence then adduced. However, we have now the testimony of Mr. Emrick, whose nonappearance at the hearing in the court below weighed somewhat against Mrs. Emrick's claim. Still we would not be inclined to change the decision reached by the district court because of what Mr. Emrick's deposition discloses in respect to his financial standing, his character or feeling towards Gilbert. But, attached to his deposition are two letters, written by Mrs. Whalen to Mrs. Emrick, which disclose such a condition in her married life that we are forced to the conclusion that it will not be for the best interest of Gilbert, or any child, to be reared in the atmosphere of that home. The letters, if true, reveal such depravity of

the relator towards his wife that no child could hope to be properly brought up in their home, and, if not true, they disclose such vileness of mind and viciousness of character on the part of the wife as to make it impossible for a court to place a child under her dominion. The letters are unprintable.

Our conclusion is that the writ should be quashed; Mrs. Emrick to retain the care and custody of Gilbert.

So ordered.